Samuel M. Gold, J.
Motion to strike various of the affirmative defenses in this libel action for legal insufficiency is denied. As to the defense of justification, the defendants are not required to accept plaintiff’s interpretation of the matter set forth in the article in issue, that plaintiff was being accused of fraud, deceit, quackery and hokum. In fact, the sole specific reference to plaintiff in the lengthy article was in one paragraph reading ‘ ‘ Among modern drug and cosmetic items that came nowhere near fulfilling their claims were * * * Slim-Mint chewing gum It is for the jury to determine the reasonable import of the article, and defendants’ claimed interpretation, not unreasonably, conld be found. Accordingly, the defense of truth pleaded herein is as broad as what may he interpreted by a jury as the charge. Moreover, defendants sufficiently set forth ultimate facts relating to plaintiff’s failure to live up to certain advertising claims. Plaintiff’s contention that further specification and proof is needed is not warranted and is, in effect, a demand for evidence.
As to the defenses of fair comment and the so-called “ rolled-up ” defense of truth and fair comment, this court will not hold as a matter of law that the article contains no comment, and, in fact, it appears to the contrary. In all events, the jury is the ultimate determiner of what parts of the article, if any, are opinion and whether the facts fairly warranted such. Nor may the court fairly state that the words “hokum” and “ quackery ” should not be applied to claims of false advertising, if proven.
Finally, as to the partial defense of reasonable reliance on expert medical opinion, the matter pleaded may he considered *378 by a jury as bearing on malice and in mitigation of damages. Plaintiff’s statement that such allegations do not constitute a complete defense is true, but plaintiff apparently has overlooked the fact that it is here pleaded as only a partial defense, and, as such, is proper.
On a motion such as this, the court may review all of the pleadings. The defendants contend that the complaint is insufficient in law for failure to allege special damages. Just as a jury — from defendants’ point of view — may interpret the words used in a less libelous fashion than plaintiff would desire, so too the words herein and the fair inferences therefrom are such as could be said to be so defamatory as to impair plaintiff’s credit and cause it pecuniary injury generally as well as to be merely derogatory of the specific product involved. Under the circumstances, special damages need not be pleaded.